**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE, | Case No. 1:14-cv-00203 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |
| v. | |
| LT. SNELL, | |
| Defendant. | |

Plaintiff Arthur T. Bussiere ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 14, 2014.[1] He names Lt. Snell as the sole Defendant.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 23, 2014.

1

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that he suffered a rise in his ammonia levels and did not know who he was or where he was. He was taken to medical and then to Mercy Hospital. Plaintiff was returned to the prison, but he still did not know who he was.

The next day, Plaintiff was charged with verbally threatening a nurse at Mercy Hospital. Plaintiff requested that the yard nurses and doctors explain his medical condition, and he submitted medical documentation of his condition. Defendant Snell, however, denied all of Plaintiff's medical experts and ruled on his own. Plaintiff alleges that Defendant Snell did not believe that his condition was severe enough, even though medical staff wanted to testify on his behalf as to what they saw.

Plaintiff requests that the Rules Violation Report ("RVR") be removed from his C-file, and that his lost points be credited back. Plaintiff also requests monetary damages.

According to the RVR attached to the complaint, on June 19, 2013, Plaintiff was transported to Mercy Hospital. Upon entering the emergency room, Plaintiff became verbally aggressive and began to threaten R.N. Doty, stating, "If you touch me, I'm going to punch you, you fucking bitch." ECF No. 1, at 14. The RVR states that Plaintiff refused medical treatment and was transported back to CSATF without further incident.

Plaintiff also attaches a copy of the hearing on the RVR. Defendant Snell, Correctional Lieutenant, conducted the hearing on July 23, 2013. Plaintiff was found guilty of threatening staff and received a credit forfeiture of sixty days.

**C.  DISCUSSION**

Although Plaintiff does not state the nature of his constitutional claim, his contentions that (1) he was denied witnesses at his RVR hearing; and (2) should not have been found guilty because of his medical condition, would likely be analyzed under the Due Process Clause of the Fourteenth Amendment.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Assuming the existence of a protected interest at stake, prisoners are entitled to certain minimal procedural protections in the context of prison disciplinary hearings. Wolff, 418 U.S. at 563-71; Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013).

However, in this case, Plaintiff's allegations and exhibits demonstrate that he was deprived of time credits as a result of being found guilty of threatening staff.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Because the punishment imposed against Plaintiff at the disciplinary hearing impacts the duration of his sentence, his due process claim is barred until such time as he invalidates the result of the disciplinary hearing.

Therefore, Plaintiff's claim must be dismissed, without prejudice. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under section 1983 exists).

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint, which challenges his disciplinary conviction, is barred by the favorable termination rule. Wilkinson, 544 U.S. at 81-2; Heck, 512 U.S. at 489.   Plaintiff therefore fails to state a claim for which relief may be granted and this deficiency cannot be cured by amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000),

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **July 11, 2014**                             /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE